MAY 13, 1802.

# Henry Palmer *v.* John Jordan.

*Upon an appeal from a judgment of the Court of Quarter Sessions of Mercer county.*

Where there has been a fair trial in the lower court, and it clearly appears that no injustice has been done to the defendant, this court will not reverse the judgment on the ground that the plaintiff declared for a trespass *vi et armis,* when he should have declared in case.

This is an action of trespass, *vi et armis,* brought by the plaintiff in the court below, against the defendant as sheriff of Mercer county, for taking with force of arms and without legal authority, and by color of his office, a bay mare, the property of the plaintiff. The defendant pleads the general issue of not guilty, A verdict is found for the plaintiff for thirty-six pounds damages. At the trial the defendant filed his bill of exceptions, stating " that the evidence given on the part of the plaintiff proved that the said mare was delivered by the said plaintiff to the defendant, as sheriff of Mercer, to release the body of the plaintiff, who was in the custody of the defendant, under an arrest made by virtue of an escape warrant, which had issued against the plaintiff at the suit of a certain Thomas Eastland, brought to recover the *said mare;* that at the time of the arrest the defendant informed the plaintiff that he must give up the mare or go to jail; on which the plaintiff gave up the mare to the defendant, upon his promise to keep her until the suit between the said Eastland and the plaintiff was determined; that upon this evidence trespass *vi et armis* could not be maintained, and therefore the action was misconceived." It does not appear how the suit between Eastland and the plaintiff was .determined, nor what became of the mare; but from this suit it is to be presumed that the defendant converted her to his own use. From the bill of exceptions it is tacitly admitted that the plaintiff ought to receive a satisfaction for the injury he has sustained, but that he has misconceived his action.

If this objection could be maintained upon rigid rules of law (which is not admitted), yet in actions of this kind, if it clearly

appears, as it does, that upon the whole no injustice hath been done to the defendant, and that by *another form of action* the plaintiff could recover what he has by this verdict, the court ought not to scrutinize the evidence to see whether it applies exactly or not to the case. The distinction between trespass *vi et armis* and trespass on the case has by late adjudications become very nice, and frequently distinctions made without any material difference. And further, as the whole evidence is stated upon the record by the bill of exceptions, this judgment can be plead in the bar to any subsequent suit brought by the plaintiff against the defendant for the same cause, and therefore by the act of jeofails of 1799, the objection is cured by the verdict. Therefore, it is considered by the court, that the judgment aforesaid be affirmed—that the appellee may proceed to have the benefit of the same in the court below, and recover of the appellant ten per centum damages on the amount thereof, together with his costs in this behalf expended, which is ordered to be certified to the said court.